UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARIYAH RHYMES, A MINOR, BY AND THROUGH
HER MOTHER AND NEXT FRIEND, KATINA RHYMES, AND
KATINA RHYMES, INDIVIDUALLY                                           PLAINTIFFS

VS.                                         CIVIL ACTION NO. 3:17-cv-113-CWR-FKB

JENNIE SKINNER A/K/A JENNYE SKINNER,
A/K/A JENNIE DELAUGHTER, AND
COPIAH COUNTY, MISSISSIPPI SCHOOL DISTRICT                DEFENDANTS

REPORT AND RECOMMENDATION

On February 17, 2017, Plaintiffs Katina Rhymes and Mariyah Rhymes, by and through her mother Katina Rhymes, filed a complaint in this Court, alleging a number of claims arising out of alleged corporal punishment administered to Mariyah Rhymes at the Wesson Attendance Center. [1] at 2-4.  The same day, Plaintiff Katina Rhymes filed a motion for leave to proceed *in forma pauperis* [2] requesting that the prepayment of the filing fee and costs be waived pursuant to 28 U.S.C. § 1915, which the undersigned now considers.

After a review of the sworn financial affidavit filed with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*.  Plaintiff has a home and a vehicle, and Plaintiff pays approximately $423.00 per month for clothing, laundry, transportation, and recreation.  [2] at 2.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988).  This court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, including the fact that she has a home and a vehicle and pays approximately $423.00 per month for clothing, laundry, transportation, and recreation, the undersigned finds that Plaintiff could pay the filing costs without undue financial hardship if given ninety (90) days to pay the filing fee. Plaintiff will not be rendered destitute by paying the filing fee, as she has a place to reside, a motor vehicle, and a monthly income. [5] at 2-4. Because Plaintiff will not be barred from the federal courts due to lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given ninety (90) days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before May 8, 2017. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by May 8, 2017, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 9th day of March, 2017.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE